UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| KURT J. KEMP, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | No. 1:19-cv-3501-JMS-DML |
| CURTIS HILL, | ) | |
| Defendant. | ) | |

# ORDER

On September 16, 2019, the Court issued an order granting Plaintiff Kurt J. Kemp's Motion for Leave to Proceed *In Forma Pauperis* and dismissing his Complaint without prejudice. [Filing No. 5.] In doing so, the Court gave Mr. Kemp permission to file an Amended Complaint, demonstrating that he has standing to pursue a constitutional challenge to an Indiana statute by showing: (1) that he has been injured by the statute; (2) how the injury can be fairly traced to the conduct of the Indiana Attorney General, who he named as Defendant; and (3) how his injury is likely to be redressed by a favorable decision from this Court. [Filing No. 5 at 6-7.] Mr. Kemp has now filed an Amended Complaint, [Filing No. 6], as well as a Motion for Appointment of Counsel, [Filing No. 7], and a Motion for Certification as a Class, [Filing No. 8]. This Order screens the Amended Complaint, pursuant to 28 U.S.C. § 1915(e)(2), addresses the other motions, and dismisses the Amended Complaint with prejudice.

## II.
### SCREENING

### A. Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall dismiss a case brought by a plaintiff proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . is frivolous

1

or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." In determining whether a complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal:

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B. Amended Complaint

Mr. Kemp's Amended Complaint seeks to challenge the validity of Ind. Code § 35-42-4-4(b)(2), which criminalizes the dissemination of child pornography. [Filing No. 6 at 1.] Mr. Kemp alleges that he was convicted of child exploitation under that statute, which added 6 years of prison time to the total 11-year sentence he is now serving and subjects him to the requirement that he register as a sex offender once his sentence is over. [Filing No. 6 at 1.] He states that these injuries are traceable to the Indiana Attorney General, who is responsible for enforcing the law and upholding the Constitution. [Filing No. 6 at 2.] He further alleges that a favorable ruling in this case would redress his injuries because it would invalidate all convictions under this provision and repeal the overbroad provisions of the statute. [Filing No. 6 at 2.]

Mr. Kemp states that his lawsuit is authorized by 28 U.S.C. § 1343(a)(3), and that the Court has jurisdiction under that provision and under 28 U.S.C. § 1331. [Filing No. 6 at 1.] He also references 28 U.S.C. §§ 2201 and 2202, and seeks declaratory relief in the form of a judgment stating that Ind. Code § 35-42-4-4(b)(2) is unconstitutional. [Filing No. 6 at 1; Filing No. 6 at 4.]

2

**C. Discussion**

The Court acknowledges Mr. Kemp's efforts to comply with the September 16 order directing him to provide allegations as to the injury, traceability, and redressability elements of standing. However, based on the allegations in the Amended Complaint, a different issue has presented itself: Mr. Kemp's lawsuit is barred because a plaintiff may not bring a civil action that, if successful, would undermine the validity of his conviction that has not already been invalidated.

Although Mr. Kemp purports to bring this lawsuit under 28 U.S.C. § 1343(a)(3), that provision merely confers jurisdiction upon District Courts, and, in substance, Mr. Kemp's action is one under 42 U.S.C. § 1983, which provides a right of action to remedy violations of the Constitution. *See Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 608 (1979) ("Section 1 of the Civil Rights Act of 1871 is the source of both the jurisdictional grant now codified in 28 U.S.C. § 1343(3) and the remedy now authorized by 42 U.S.C. § 1983."). It is well-established that a plaintiff cannot pursue a § 1983 action to challenge the validity of his conviction, and instead must pursue a writ of habeas corpus to do so. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (recognizing that *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973), "held that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983").

Here, while Mr. Kemp purports to seek only a declaratory judgment invalidating Ind. Code § 35-42-4-4(b)(2), he is doing so in order to invalidate his own conviction, and a civil action seeking such relief is not cognizable. *See Preiser*, 411 U.S. at 488-90; *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (explaining that the Supreme Court's decisions in this area, "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the

3

relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration"). In addition, as discussed in the Court's previous order, Mr. Kemp's Amended Complaint cannot be construed as a general challenge to the statute—rather than a challenge to his own conviction—because he would not have standing to pursue such an action.

Because Mr. Kemp cannot state a cognizable claim concerning the constitutionality of Ind. Code § 35-42-4-4(b)(2), and because he cannot amend the Amended Complaint to cure this deficiency, this action is **DISMISSED WITH PREJUDICE**. *See, e.g.*, *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) (stating that dismissal with prejudice is proper "if it is clear that any amendment would be futile").

### III.
### OTHER PENDING MOTIONS

Mr. Kemp has also filed a Motion for Appointment of Counsel, [Filing No. 7], and a Motion for Certification as a Class, [Filing No. 8]. Because the case is being dismissed, these motions are **DENIED AS MOOT**.

### IV.
### CONCLUSION

The Court, having considered the above action and the matters that are pending, makes the following rulings:

1. Mr. Kemp's Amended Complaint, [6], is **DISMISSED WITH PREJUDICE**; and

2. Mr. Kemp's Motion for Appointment of Counsel, [7], and Motion for Certification as a Class, [8], are **DENIED AS MOOT**.

Final judgment shall issue accordingly.

Date: 10/4/2019

*signature*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via U.S. Mail to:**

KURT J. KEMP
D.O.C. # 266745
New Castle Correctional Facility - Inmate
1000 Van Nuys Road
New Castle, IN 47362